UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT THOMAS, CDCR #E-88239,<br><br>Plaintiff,<br><br>vs.<br><br>W. L. MONTGOMERY, et al.,<br><br>Defendants. | Case No. 3:18-cv-01835-GPC-JLB<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Plaintiff Albert Thomas, while incarcerated at Pelican Bay State Prison ("PBSP") in Crescent City, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 ("Compl.") against the Wardens of PBSP and Calipatria State Prison ("CAL"), together with CAL and other California Department of Corrections and Rehabilitation ("CDCR") officials, on August 6, 2018. *See* Compl., ECF No. 1.

Plaintiff alleged Defendants violated his due process rights during a 2015 disciplinary proceeding at CAL which resulted in his administrative segregation for 184 days and an adverse transfer to PBSP. *Id.* at 1-6. Plaintiff further claimed several CAL officials confiscated, destroyed, or lost his personal property by failing to properly inventory and transfer it to PBSP, and CDCR appeals officials failed to provide him a

meaningful remedy for that loss. *Id.* at 9-10. He sought $25,000 in general and punitive damages against each Defendant, and "any other relief the court deem[ed] proper" to "deter future conduct." *Id.* at 12.

## I. Procedural History

On October 25, 2018, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP"), but dismissed his Complaint for failing to state claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* ECF No. 3. Plaintiff was notified of his pleading deficiencies, and granted 45 days leave to file an Amended Complaint that fixed them, if he could. *Id.* at 6-14. Plaintiff was also warned that his failure to amend would result in the dismissal of his case. *Id.* at 14 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Plaintiff's Amended Complaint was due on or before December 10, 2018, and almost two full months have passed since the Court issued its October 25, 2018 Order. But to date, Plaintiff has failed to file an Amended Complaint, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and because he has failed to prosecute as required by Court's October 25, 2018 Order requiring amendment. *See* Fed. R. Civ. P. 41(b).

///

///

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: December 21, 2018

Hon. Gonzalo P. Curiel
United States District Judge