# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT THOMAS, CDCR #E-88239,<br><br>                        Plaintiff,<br>vs.<br><br>W. L. MONTGOMERY, et al.<br>                        Defendants. | Case No.: 3:18-cv-01835-GPC-JLB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO VACATE JUDGMENT; GRANTING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT AND GRANTING EX PARTE APPLICATION FOR THE CLERK OF COURT TO PROVIDE A COPY OF HIS COMPLAINT**<br><br>[Dkt. Nos. 7, 9.] |

      Plaintiff Albert Thomas, while incarcerated at Pelican Bay State Prison ("PBSP") in Crescent City, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Wardens of PBSP and Calipatria State Prison ("CAL"), together with CAL and other California Department of Corrections and Rehabilitation ("CDCR") officials, on August 6, 2018. (Dkt. No. 1.) On October 25, 2018, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP"), but dismissed his Complaint for failing to state claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (Dkt. No.

1

3:18-cv-01835-GPC-JLB

3.) Plaintiff was notified of his pleading deficiencies, and granted 45 days leave to file an Amended Complaint. (Id.) Plaintiff's Amended Complaint was due on or before December 10, 2018, and because almost two full months had passed since the Court issued its October 25, 2018 Order, on December 21, 2018, the Court dismissed this action without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and because he has failed to prosecute as required by Court's October 25, 2018 Order requiring amendment. See Fed. R. Civ. P. 41(b). (Dkt. No. 4.)

Shortly after the dismissal, on December 24, 2018, the Court received Plaintiff's motion for extension of time to file an amended complaint explaining that he was unable to comply with the Court's order filed on October 25, 2018 because his legal papers were removed from his cell. The Court construes his motion as a motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).[1] After a review of Plaintiff's motion which was filed within days of the Court's judgment, and in the interests of justice, the Court exercises its discretion and vacates the Clerk's Judgment filed on December 21, 2018. See Gonzalez v. Crosby, 545 U.S. 524, 542 (2005). Accordingly, the Court GRANTS Plaintiff's motion for extension of time to file an amended complaint. Plaintiff shall file an amended complaint on or before **February 22, 2019**.

Plaintiff also filed an ex parte request for a copy of his complaint to assist him in filing a first amended complaint because he claims prison officials pilfered through his legal documents and confiscated the only copy of his complaint. Good cause appearing, the Court GRANTS Plaintiff's ex parte request and DIRECTS the Clerk of Court to

////

////

---

[1] Rule 60(b)(6) provides that, on motion, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... any other reason [in addition to those categories specified in Rules 60(b)(1)—(5) ] justifying relief from the operation of the judgment." Fed. R. Civ. P. 60.

1 | provide Plaintiff with a copy of the complaint, (Dkt. No. 1), with this Order.

2 | **IT IS SO ORDERED**.

Dated:  January 16, 2019

Hon. Gonzalo P. Curiel
United States District Judge