UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT THOMAS, CDCR #E-88239,<br><br>Plaintiff,<br><br>vs.<br><br>W. L. MONTGOMERY, et al.<br><br>Defendants. | Case No.: 3:18-cv-01835-GPC-JLB<br><br>**ORDER:**<br><br>**(1) DISMISSING DEFENDANTS AND CLAIMS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & § 1915A; AND**<br><br>**(2) DIRECTING US MARSHALS OFFICE TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT** |

## I. Procedural History

Albert Thomas ("Plaintiff") is currently incarcerated at Pelican Bay State Prison in Crescent City, California ("PBSP"). He is proceeding pro se and filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on August 6, 2018. (*See* Compl, ECF No. 1.)

In his original Complaint, Plaintiff claimed the Wardens of Calipatria State Prison ("CAL") and PBSP, together with CAL correctional and California Department of

Corrections and Rehabilitation ("CDCR") appeals officials, violated his due process rights during a 2015 disciplinary proceeding at CAL which resulted in his administrative segregation for 184 days and an adverse transfer to PBSP. (*Id.* at 1-6.) Plaintiff further claimed several CAL officials confiscated, destroyed, or lost his personal property by failing to properly inventory and transfer it to PBSP, and CDCR appeals officials failed to provide him a meaningful remedy for that loss. (*Id.* at 9-10.) He sought $25,000 in general and punitive damages against each Defendant, and "any other relief the court deems proper" to "deter future conduct." (*Id.* at 12.)

In addition, he submitted a Certificate of Funds and a certified copy of his CDCR Inmate Trust Account Statement Report (ECF No. 2), which the Court construed as a Motion for Leave to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).

On October 25, 2018, the Court GRANTED Plaintiff's Motion to Proceed IFP but simultaneously DISMISSED his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. (ECF No. 3.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.* at 13-14.) Plaintiff failed to timely comply with the Court's Order and the entire matter was dismissed on December 21, 2018. (ECF No. 5.) Plaintiff later sought leave of Court to vacate the judgment entered and file his amended pleading which was GRANTED by this Court on January 16, 2019. (ECF No. 10.) On February 22, 2019, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 12.)

## II. Screening of FAC pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*,

203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Factual Allegations</u>

On June 24, 2015, while he was incarcerated at CAL, Plaintiff was placed in administrative segregation ("Ad-Seg") pending a CDCR 115 investigation and disciplinary hearing after a weapon was found inside a mattress in the cell he shared with

3

another inmate named Banks. (*See* FAC, ECF No. 12 at 6-8.) Plaintiff gave his statement to a correctional officer and asked her to "relay a few questions" to Correctional Officer Ramirez. (*Id.* at 7.) Plaintiff also requested that mattresses in the cell be photographed so that he would be able to provide documentary evidence that was "needed for Plaintiff's defense against the charged offense." (*Id.*) He further claims that Ramirez "knowingly wrote a false CDCR rules violation report in an attempt to punish Plaintiff just because." (Id. at 6.)

Plaintiff claims Lt. Coronado, the Senior Hearing Officer ("SHO"), refused to consider exculpatory evidence during his disciplinary hearing. (*See id.* at 8.) As a result, Plaintiff claims he was "improperly" confined to Ad-Seg for 184 days, and then transferred to PBSP. (*Id.* at 9.)

Plaintiff claims that "once J. Coronado, A. Beltran, M. Pollard, M. Voong, and W.L. Montgomery were made aware of these facts, each defendant" had an "obligation to correct the problem." (*Id.*) Plaintiff claims these Defendants "willfully, willingly, aggressively, and recklessly disregarded their own rules and regulations" from the "very start." (*Id.*)

Plaintiff claims to have engaged in a "heated exchange" with Sergeant Garcia regarding how they were treating his property and told Garcia that he would "be written up for said treatment." (*Id.* at 10.) Plaintiff alleges Garcia "retaliated against him" when he "grabbed Plaintiff's headphones." (*Id.*) Garcia allegedly took the headphones from Plaintiff, stated that the headphones had been "altered," and told Plaintiff that he would "either have to send them home or donate them." (*Id.*) Plaintiff "opted to send them home" and was instructed to "fill out" a "trust withdrawal form." (*Id.*) Plaintiff claims he filed an administrative grievance when he later learned that Garcia had not "mailed Plaintiff's headphones home." (*Id.*) He claims Garcia "introduced false evidence" into Plaintiff's grievance to "make it seem as if Plaintiff was providing false information into the appeals process." (*Id.*)

///

Plaintiff alleges "A. Beltran conspired to aid" Garcia in his retaliatory acts "against Plaintiff" when Beltran "introduced a scheme to deny Plaintiff his full compensation." (*Id.* at 11.) Beltran "contacted Plaintiff offering only a TV if Plaintiff would sign away any chance of recovering the rest of his compensation." (*Id.*) Plaintiff was later "interviewed" by Sergeant Davis at PBSP at which time Plaintiff "explained to him what was going on with [his] property." (*Id.*) Plaintiff claims Davis told him that he "must have pissed someone off" and that Plaintiff "had been around long enough to know how that goes." (*Id.*) Plaintiff claims Davis did not "take any corrective actions on the matter." (*Id.* at 11-12.)

Plaintiff claims he suffered "atypical and significant hardship" when he was housed in Ad-Seg. (*Id.* at 12.) Some of these alleged hardships include losing his prison job, being placed in "shackles and cuffs" each time he left his cell, loss of yard time, and suffering from additional health problems. (*Id.* at 12-14.)

D. <u>Personal Causation</u>

Plaintiff names PBSP Warden Ducart as a Defendant in his FAC, *see* FAC at 5, but he includes no further mention of Ducart in the body of his FAC. Moreover, he fails to include any "further factual enhancement" to show how, or to what extent, the Warden may be held individually liable for any constitutional injury. *See Iqbal,* 556 U.S. at 676-77; *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). Likewise, as to Defendant Davis, he claims this Defendant, a sergeant to PBSP, merely interviewed Plaintiff regarding the administrative grievance he had filed. He does not allege that Davis had any direct involvement in the purported constitutional violations.

As to Defendants Pollard, Voong, and Montgomery, Plaintiff claims vaguely that they were "made aware of these facts" and "disregarded their own rules and regulations." (FAC at 9.) But "vicarious liability is inapplicable to … § 1983 suits, [and] a plaintiff must plead that each Government-official defendant, through [his] own individual

5

actions, has violated the Constitution," in order to plead a plausible claim for relief. *Iqbal*, 556 U.S. at 676; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under Section 1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979) (when a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged); *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1013 (S.D. Cal. 2018) ("Liability under § 1983 arises only upon a showing of personal participation by the defendant.").

Plaintiff's FAC is devoid of any factual allegations sufficient to show how any of these Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *accord Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011) ("A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.").

For these reasons, the Court dismisses Defendants Ducart, Davis, Montgomery, Pollard, and Voong from this action sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1), (2); *Lopez*, 203 F.3d at 1126-27.

/ / /
/ / /
/ / /
/ / /
/ / /

E.   Remaining Claims and Defendants[1]

As to Plaintiff's remaining claims against Defendants Ramirez, Beltran, Coronado, and Garcia, however, the Court finds Plaintiff's FAC contains First and Fourteenth Amendment allegations sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."); *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (finding inmate confined in administrative segregation suffered an "atypical and significant hardship" sufficient to show a protected liberty interest under *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (2003) ("If the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied Due Process.") (citations omitted)).

Accordingly, the Court will direct U.S. Marshal service upon the remaining Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Orders

For the reasons discussed, the Court:

1)   **DISMISSES** all claims as to Defendants Ducart, Davis, Montgomery,

---

[1] The Court previously dismissed Plaintiff's inmate grievance-processing and property deprivation claims without leave to amend. (*See* ECF No. 3, Oct. 25, 2018 Order at 12.)

7

Pollard, and Voong sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failing to state a claim upon which § 1983 may be granted and **DIRECTS** the Clerk of the Court to terminate these Defendants as parties to this action.

2) **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC (Doc. No. 12) for **Ramirez, Beltran, Coronado, and Garcia** and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each remaining Defendants. In addition, the Clerk will provide Plaintiff with a filed copy of the October 25, 2018 Order granting Plaintiff IFP status, a certified copy of his FAC and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each Defendant may be found and/or subject to service* pursuant to S.D. CAL. CIVLR 4.1c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

3) **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon the remaining Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

4) **ORDERS** Defendants once they have been served, to reply to Plaintiff's FAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

5) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants'

counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant may be disregarded.

**IT IS SO ORDERED**.

Dated: June 10, 2019

Hon. Gonzalo P. Curiel
United States District Judge